J. L. GRISWOLD, Appellant, v. HIRAM WALKER & SONS, Respondents.

**St. Louis Court of Appeals, March 24, 1896.**

Justices' Courts: AMENDMENT OF STATEMENT OF CAUSE OF ACTION. The plaintiff in an action instituted before a justice of the peace filed a statement of his cause of action, in which he alleged that he had cashed a draft drawn in his favor on the defendant by an agent thereto authorized by the latter, and that the same was dishonored on presentation. He subsequently sought to file an amended statement, alleging that the defendant, acting through this agent, had borrowed from him the amount of the draft and had failed to repay the loan on demand. *Held*, that the amended statement embraced a new cause of action.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Mills & Grant* for appellant.

The original cause of action was not one brought upon drafts. The trial court should have allowed the statement filed before the justice to be amended. *Scovill v. Glaessner*, 79 Mo. 449; *Nutter v. Houston*, 42 Mo. App. 363; *Heman v. Fanning*, 33 Mo. App. 50; *Lee v. Dunn*, 29 Mo. App. 469; *Newberger v. Friede*, 23 Mo. App. 631; *Lustig v. Cohen*, 44 Mo. App. 271; *Cameron v. Hart*, 51 Mo. App. 142; *Bradley v. Sweiger*, 61 Mo. App. 419; *Dowdy v. Wamble*, 110 Mo. 280; *Evans v. Railroad*, 1 Mo. App. 504. The authority of the agent to incur expense is to be inferred from previous acts ratified by principal. *Cummings v. Hurd*, 49 Mo. App. 145.

*Frank K. Ryan* for respondents.

(1)   Parol evidence was inadmissible to charge respondents for nonacceptance of drafts, or to show authority in Lippincott to draw drafts on respondents. R. S., secs. 1719–1723.   (2)   The amended petition sought to be filed in the circuit court was properly excluded, because it stated an entirely different cause of action from the one originally filed in the justice's court.   R. S., secs. 6345 and 6347; *Webb v. Tweedie*, 30 Mo. 488; *Hansberger v. Railroad*, 43 Mo. 196; *Durnin v. Waddingham*, 12 Mo. App. 145; *Thieman v. Goodnight*, 17 Mo. App. 429; *Gregory v. Railroad*, 20 Mo. App. 448; *Sturgess v. Botts*, 24 Mo. App. 282; *Heman v. Glann*, 31 S. W. Rep. 589; *Lears v. Missouri, etc., Co.*, 56 Mo. App. 122; *Courtney v. Sheehy*, 38 Mo. App. 290.

BIGGS, J.—This action was commenced before a justice of the peace.   Omitting the caption, the complaint is as follows:

"Plaintiff states that at the times hereinafter mentioned the defendant, Hiram Walker & Sons, Limited, was a corporation duly organized and existing by law; that at the same times this plaintiff was the proprietor of and running the Laclede Hotel in the "city of St. Louis, state of Missouri, and Wesley Austin was the manager of said hotel for him, the said plaintiff.

"Plaintiff further states that at the same times one A. E. Lippincott was an agent and representative of the said defendant, Hiram Walker & Sons, Limited, and as such agent was by the said defendant authorized and empowered to draw upon it, the said defendant, for moneys required by him while so acting for the defendant in the capacity of its agent; that, while acting as such agent, to wit, on the twentieth day of

February, 1893, the said A. E. Lippincott as such agent requested Wesley Austin, agent and manager of plaintiff as aforesaid, to cash for him a draft drawn by the said A. E. Lippincott on the said defendant Hiram Walker & Sons, Limited, for the sum of $100, and, relying upon the fact and knowledge of the said Lippincott so representing the said defendant, and being authorized to draw on them for funds, this plaintiff by and through his agent, Wesley Austin, cashed said draft drawn to the order of Wesley Austin, and paid the said A. E. Lippincott therefor the sum of $100 on the said twentieth day of February, 1893; that said draft was at once indorsed by the said Wesley Austin and delivered to plaintiff as his property, and by him, the plaintiff, deposited in the bank and forwarded for collection; that same was duly presented to Hiram Walker & Sons, Limited, for acceptance and payment, and acceptance and payment was by them refused. Whereupon the said draft was duly protested for nonacceptance on the twenty-third day of February, at an expense to this plaintiff in the sum of $1.62, and that the said sum of $100 and protest fees now remain wholly due and unpaid.

"Wherefore plaintiff asks judgment against the said defendant in the sum of $100, with interest at the rate of six per cent per annum from the twenty-third day of February, 1893, together with $1.62, cost of protest and costs."

Then follows a second count similar in form to that of the first for failure to accept and pay another draft drawn by Lippincott.

The plaintiff proceeded to trial on the foregoing statement. He offered parol testimony to prove that Lippincott had authority to draw the drafts. The circuit court sustained an objection to the testimony, and ruled that the defendants could be held only upon a

written promise to accept and pay the drafts. Thereupon the plaintiff asked leave to file the following amended statement:

"Plaintiff states that at the times hereinafter mentioned the defendant, Hiram Walker & Sons, Limited, was a corporation duly organized and existing by law; that at the same times this plaintiff was the proprietor of and running the Laclede Hotel in the city of St. Louis, state of Missouri.

"Plaintiff further states that at the same times one A. E. Lippincott was an agent and representative of the said defendant, Hiram Walker & Sons, Limited, and as such agent was by the said defendant authorized and empowered to incur expenses and to bind the said defendant for loans of money required by him while so acting for the defendant in the capacity of its agent; that while acting as such agent, to wit, on the twentieth day of February, 1893, the said A. E. Lippincott, as such agent, requested plaintiff as aforesaid to advance cash to the sum of one hundred dollars for the use of defendant, and relying upon the fact and knowledge of the said Lippincott so representing the said defendant, and being authorized to borrow funds for them and on their account, this plaintiff by and through his agent, Wesley Austin, advanced said amount and paid the said A. E. Lippincott for defendant's use the sum of $100 on the said twentieth day of February, 1893; that defendant agreed to repay plaintiff when demanded; that, though often requested, defendant has failed and refused to pay said amount.

"Wherefore plaintiff asks judgment against the said defendant in the sum of one hundred dollars, with interest at the rate of six per cent per annum from the twenty-third day of February, 1893, together with costs."

A similar amendment of the second count was

Griswold v. Walker & Sons.

also offered. The court refused to allow the amendment to be filed, and the plaintiff submitted to a nonsuit. The court refused to set the nonsuit aside, and the plaintiff has appealed.

The trial judge was of the opinion that the amended complaint changed the cause of action, and for this reason he refused to permit it to be filed. The statute governing amendments in such cases (R. S., sec. 6347) is very liberal, and it allows amendments in almost all cases, provided the cause of action is not changed. The language of the statute is that "no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment." We think it clear that the cause of action as stated in the original complaint is for damages for the nonpayment of the drafts, the liability being based on a promise to accept and pay them. The statute provides that such a promise, to be valid, must be in writing. R. S., sec. 721. The amended complaint stated clearly a cause of action for money loaned or advanced to Lippincott at the request of the defendants, thus presenting an entirely different cause of action, as it required different proof and a different measure of damages. We are, therefore, of the opinion that the ruling of the circuit court was right, and its judgment will be affirmed. All the judges concur.